The opinion of the court was delivered by
Spencer, J.
The plaintiff, owning as her paraphernal property a lot of ground in Baton Rouge, borrowed from the defendant $2000, on April 24, 1872, and executed solidarity with her husband a promissory note therefor, to the order of Eliza- J. Puckett, payable in one year. In the act it is declared that the improvements upon said lot were made after marriage, and belong to the community; and that, therefore, the husband joins in the act. The act also declares that- the wife had been authorized by the parish judge; and there is annexed to it a petition of *812 Mrs. Stuffier, addressed to the parish judge, asking- his authorization, and a very informal certificate of that functionary to the effect that “ after examination of the petitioner, being satisfied, that it is necessary and proper that the said sum of two thousand dollars should be procured for the purpose therein set forth,” he orders that she be authorized to grant the mortgage. • In her petition for authorization she sets forth that she owns the lot, but that the improvements thereon belong to the community; that the lot is encumbered with a-mortgage past due, and there are other claims, not specified, which she desires to pay.
James Stuffier died in 1873, and soon after plaintiff qualified as administratrix of his estate.
Defendant sued out executory process on this mortgage in 1877, making Mrs. Stuffier individually, and as administratrix, defendant.' Thereupon, Mrs. Stuffier enjoined the sale, alleging in substance that the debt was contracted during marriage and was a debt of the community, for which neither she nor her property was liable;, that the interest of the community in said property was a mere money claim against her for the improvements put on it, and could only be ascertained and enforced in a settlement between herself and the community; that the pretended authorization of the parish judge was without effect for want of legal form, and because the parish judge was without jurisdiction to grant it. She further alleges that the sale was not advertised for the time required by law.
Under article 127 C. C. the application for authorization is to be made to the district or parish judge, “according to the amount involved.” This refers, of course, to the constitutional amounts determining the jurisdiction of said judges. By express provision the Civil Code governs where its enactments are at variance with those of the revised statutes of 1870; sections 3982 and 3983 of the statutes must therefore be controlled by article 127 C. C. Besides, the article of the Code is more in harmony with the constitutional limitations upon the jurisdiction of said courts. It is not necessary to decide whether, upon - oath of the absence of the district judge, a petition for authorization addressed to him can be granted by the parish judge, since there is no such question raised by.the facts or pleadings in this case. We think the authorization in this case was invalid, and without effect, and that the case stands, therefore, upon the effects of the acts of a married woman not acting- under judicial sanction.
It is unnecessary to cite authority to show that, in such case, the simple denial of the wife put the onus of proof upon the creditor; that her note and mortgage are not legal proof of her obligation, and that evidence aliunde must be produced to bind her.
In this case it is shown, that there was, as stated by her, a pre-exist *813 ing mortgage granted by her to one Payne, in 1870; but that mortgage was in all respects similar to the one in controversy, except that its amount was only $1000, and there was no pretense of judicial authority for giving it. It is rendered probable- that this pre-existing mortgage was taken up with money obtained from Mrs. Puckett on the second mortgage, but there is not only no proof, that this debt to Payne was a separate debt of the wife, but, on the contrary, a presumption of law that it was a debt of the community. In fine, the defendant wholly failed to prove the plaintiff’s separate liability. There is no analogy between this case and. that of “Jordan vs. Anderson,” 29 A. 749. That was a case where the wife entered into a contract with a builder to construct, with his own labor and material, a house on her paraphernal property. We held that she and her property were liable to him. Here, the wife borrows a round sum of money, and gives her note and mortgage. The very act of mortgage shows that the improvements upon her property were already there, and put there by the Community.
An attempt Was made to show that the wife had ratified this act of mortgage by paying interest on it after the husband’s death. She was administratrix of her husband’s estate, and nothing shows in what capacity she made the payments. It might well be doubted whether anything short of a written promise to pay would render her liable, if this was in fact a community debt, since the law prohibits her, during marriage, from binding herself for such debts. It strikes such obligations with absolute nullity. “Toute ratification est done impossible pour une obligation proprement nulle'; sans doute, on peut creer une obligation nouvelle et efficaee pour la substituer a celle qui n’avait qu’une existence apparente, mais on ne peut pas plus valider celle-ci, car Ie néant ne peut pas plus étre confirmé qu’il ne peut étre detruit; quod nullum est confirman nequit.” Marcadé, vol. 5, p. 344.
Unless a wife accepts expressly or tacitly the community, she stands in relation to its debts very much in the position which she would to the debts of any other third person. A promise to pay the debt of a third person must be express, and' in writing, signed by the party to be charged. C. C. 2278, number 3.
The judge a quo perpetuated the injunction, but gave, in effect, a judgment of nonsuit as to defendant’s claim. The appellee has not asked that the judgment be amended, and appellant has no just reason for complaint, as the judgment is, perhaps, more favorable to her than it should have been.
It is therefore ordered, adjudged, and. decreed that the judgment appealed from be'affirmed with costs.